Hudson M. Jobe, Esq.
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

ATTORNEYS FOR NCH CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-32727-hdh-7 |
| | § | |
| TERRA SERVICES, LLC, | § | (Chapter 7) |
| | § | |
| DEBTOR. | § | |
| | § | |
| SCOTT M SEIDEL, TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 20-03097 |
| | § | |
| NCH CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## NCH CORPORATION'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT

NCH Corporation files its Answer to Trustee's First Amended Complaint as follows:

1. Paragraph 1 of the Complaint is a summary of the overall legal and factual allegations in the Complaint, and no response is required. To the extent a response is required, NCH denies the claims set forth therein and the relief requested.

2. NCH admits paragraph 2 of the Complaint.

3. NCH admits that it filed the subject claim. No response is required to the remainder of the allegations in paragraph 3, and to the extent a response is required, NCH denies the claims set forth therein and the relief requested.

4. No response is required to paragraph 4 of the Complaint.

5. No response is required to paragraph 5 of the Complaint.

6. No response is required to paragraph 6 of the Complaint.

7. No response is required to paragraph 7 of the Complaint.

8. No response is required to paragraph 8 of the Complaint.

9. NCH admits paragraph 9 of the Complaint.

10. NCH admits paragraph 10 of the Complaint.

11. NCH admits paragraph 11 of the Complaint.

12. NCH admits paragraph 12 of the Complaint.

13. NCH admits paragraph 13 of the Complaint.

14. NCH does not agree with the characterization set forth in paragraph 14 of the Complaint and therefore denies.

15. NCH denies the allegations in paragraph 15 of the Complaint.

16. With respect to the allegations in paragraph 16, NCH admits that the Debtor was consolidated with NCH for tax purposes, the Debtor was an additional insured under certain insurance policies, and the Debtor may have been an obligor at certain times on certain credit facilities. NCH denies the remainder of the allegations in paragraph 16 of the Complaint.

17. NCH denies the allegations in paragraph 17 of the Complaint.

18. NCH admits paragraph 18 of the Complaint.

19. With respect to paragraph 19, NCH admits that the Debtor's business included services related to the treatment of water used in hydraulic fracturing, whereby the water was cleaned and able to be reused, but NCH denies that paragraph 19 precisely describes the entire scope of the Debtor's services, including the Debtor's treatment process.

20. NCH denies paragraph 20.

21. Paragraph 21 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies same.

22. Paragraph 22 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies same.

23. Paragraph 23 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies same.

24. NCH denies the allegations in paragraph 24.

25. Paragraph 25 constitutes a legal conclusion for which no response is required. To the extent a response is required, NCH denies same.

26. NCH denies the allegations in paragraph 26.

27. NCH admits that paragraph 27 lists the subject officers and directions. NCH denies that the officers were the same.

28. With respect to paragraph 28, NCH admits that it provided certain executive-level functions for the Debtor pursuant to certain agreements. NCH denies the remainder of the allegations in paragraph 28.

29. Paragraph 29 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH admits that the quoted website text is accurate but denies the remainder of paragraph 29.

30. NCH denies the allegations in paragraph 30.

31. NCH admits that the quoted text from the website is accurate, but denies the remainder of paragraph 31.

32. NCH denies the allegations in paragraph 32.

33. NCH admits the quoted text from the website is accurate as of the Petition Date, but denies the remainder of paragraph 33.

34. NCH admits paragraph 34.

35. Paragraph 35 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies same.

36. Paragraph 36 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies same.

37. NCH denies paragraph 37.

38. Paragraph 38 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH admits that the quoted text is accurate but denies the remainder of paragraph 38.

39. NCH denies paragraph 39.

40. NCH denies paragraph 40.

41. NCH admits paragraph 41.

42. With respect to paragraph 42, NCH admits that the quoted text is accurate but denies the remainder of paragraph 42.

43. NCH admits the general summary of the positions of the parties described in paragraph 43, but denies that it precisely and comprehensively describes same.

44. NCH admits that in excess of $1M was spent defending the subject lawsuit and denies the remainder of paragraph 44.

45. NCH denies paragraph 45.

46. NCH admits that the Debtor's business included "the control and management of toxic wastewater from the fracking business" but denies that same is an accurate, detailed description of the particular service and process, and that NCH formed the Debtor. NCH denies the remainder of paragraph 46.

47. NCH admits that by 2016 it decided to sell substantially all of the Debtor's assets and therefore divest itself of its interest in any company involved in the particular business of the Debtor. NCH denies the remainder of paragraph 47.

48. NCH admits that the quoted text is set forth in the referenced article. NCH denies the remainder of paragraph 48.

49. NCH admits that on October 21, 2016, NCH, the Debtor, Hoya, NCH Ecoservice, and FQ Fraxtar entered into that certain *Asset Purchase Agreement* with FQ Holdings, LLC, and that such agreement included certain assets of the Debtor. NCH denies the remainder of paragraph 49.

50. NCH admits that the quoted language in paragraph 50 is in the subject agreement, but denies the remainder of paragraph 50.

51. NCH admits that the quoted language in paragraph 51 is in the subject agreement, but denies the remainder of paragraph 51.

52. NCH admits paragraph 52.

53. NCH denies the allegations in paragraph 53.

54. NCH admits that the Debtor's business included using chlorine dioxide for anti-bacterial and other oilfield water treatment purposes, that the Debtor used certain trademarks, that the Debtor entered into certain contracts with third parties, and that the Debtor received certain revenue. NCH denies the remainder of paragraph 54.

55. NCH admits that the Debtor utilized certain assets of Hoya and NCH Ecoservices at certain times in connection with the Debtor's business. NCH denies the remainder of paragraph 55.

56. NCH denies paragraph 56.

57. NCH admits that the quoted language in paragraph 57 appears on a draft page of the Sale Agreement. NCH denies the remainder of the allegations in paragraph 57.

58. NCH admits paragraph 58.

59. NCH denies the allegations in paragraph 59.

60. NCH denies the allegations in paragraph 60.

61. NCH admits that, at most, $258,000.00 is a fair allocation of the sale consideration for the Debtor's assets, and denies the remainder of paragraph 61.

62. NCH denies paragraph 62.

63. No response is required to paragraph 63. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

64. Paragraph 64 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH admits that the quoted text is accurate but denies the remainder of paragraph 64.

65. No response is required to paragraph 65. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

66. No response is required to paragraph 66. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

67. No response is required to paragraph 67. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

68. No response is required to paragraph 68. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

69. NCH denies paragraph 69.

70. Paragraph 70 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies.

71. Paragraph 71 includes a mixture of legal and factual allegations, and no response is required. To the extent a response is required, NCH denies.

72. No response is required to paragraph 72. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

73. No response is required to paragraph 73. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

74. No response is required to paragraph 74. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

75. No response is required to paragraph 75. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

76. NCH denies the allegations in paragraph 76.

77. NCH denies the allegations in paragraph 77.

78. NCH denies the allegations in paragraph 78.

79. NCH denies the allegations in paragraph 79.

80. No response is required to paragraph 80. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

81. No response is required to paragraph 81. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

82. No response is required to paragraph 82. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

83. No response is required to paragraph 83. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

84. No response is required to paragraph 84. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

85. No response is required to paragraph 85. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

86. No response is required to paragraph 86. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

87. No response is required to paragraph 87. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

88. No response is required to paragraph 88. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

89. No response is required to paragraph 89. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

90. No response is required to paragraph 90. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

91. No response is required to paragraph 91. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

92. No response is required to paragraph 92. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

93. No response is required to the prayer. To the extent a response is required, NCH denies same and that plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

Without waiving its right to require the plaintiff to meet his burden of proof on any required elements of 11 U.S.C. §§ 547, 548, and 550, or Tex. Bus. & Comm. Code Ann. §§ 24.001, et seq. and 6 De. Code Ann. §§ 1301. et. seq., Defendant states its affirmative defenses as follows:

94. Plaintiff has failed to state a claim for which relief may be granted as provided by Federal Bankruptcy Rule 7012(b)(6).

95. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or repose.

96. Plaintiff's claims are barred in whole or in part by the doctrines of *res judicata*, *in pari delicto*, waiver, judicial or equitable estoppel and preclusion.

97. Plaintiff's claims are barred in whole or part, by the doctrines of unclean hands, unjust enrichment, contributory negligence, or other equitable doctrines.

98. Plaintiff lacks standing, including without limitation, standing to bring direct and/or derivative claims on behalf of creditors.

99. The relief and recovery sought by Plaintiff is precluded because the Debtor and their creditors had knowledge of, participated in, approved of, acquiesced in, and/or consented to the transactions and/or conduct complained of.

100. To the extent Plaintiff would have standing to bring direct and/or derivative claims on behalf of creditors, Plaintiff is subject to the same defenses that may be asserted against such claims, including, without limitation, any of the above defenses asserted hereinabove or any other defenses to the claims of such creditors available under 11 U.S.C. § 502(b) and applicable state law, including, but not limited to, accord and satisfaction, failure to mitigate damages, or failure of a condition precedent.

101. NCH is entitled to exercise its rights under 11 USC § 548(c).

102. The alleged transfers were in payment of a debt incurred by the Plaintiff or Debtor in the ordinary course of business or financial affairs of the Plaintiff or Debtor and NCH; were made in the ordinary course of business or financial affairs of the Plaintiff or Debtor and NCH; and/or were made according to ordinary business terms. Thus, the alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(2).

103. After the alleged transfers, NCH gave new value to or for the benefit of the Plaintiff or Debtor that was not secured by an otherwise unavoidable security interest and on account of which

new value the Plaintiff or Debtor did not make an otherwise unavoidable transfer to or for the benefit of NCH. The alleged transfers are thus not avoidable pursuant to 11 U.S.C. §547(c)(4)

104. To the extent that any of the alleged transfers were intended by the Plaintiff or Debtor and NCH to be a contemporaneous exchange for new value given to the Plaintiff or Debtor and the alleged transfers were in fact a substantially contemporaneous exchange, then the alleged transfers are not avoidable pursuant to 11 U.S.C. §547(c)(1).

105. To the extent NCH should be ordered to return any of the alleged transfers, NCH reserves all rights with respect to 11 U.S.C. § 502(h).

106. In accordance with 11 U.S.C. § 550(d), the Trustee is entitled to only a single satisfaction under 11 U.S.C. § 550(a).

107. Pursuant to 11 U.S.C. § 548 and 550, DUFTA § 1308, and/or TUFTA 24.009:

   a. NCH took in good faith and for a reasonably equivalent value and/or is a subsequent transferee of some or all of the subject transfers;

   b. NCH is entitled to an adjustment for any award given the equities of the case, including but not limited to the value provided to the Debtor;

   c. NCH requests a lien and/or to retain all interests given the value provided to the Debtor and/or any immediate transferees;

   d. The subject transfers are not avoidable because NCH gave new value to or for the benefit of the Debtor after the transfers were made, the transfers were within the ordinary course of business or financial affairs of the Debtor and NCH, and/or were made pursuant to a good-faith effort to rehabilitate the Debtor and the transfers secured present value given for that purpose as well as an antecedent debt of the Debtor.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: _/s/ Hudson M. Jobe_
    Hudson M. Jobe
    State Bar No. 24041189

ATTORNEYS FOR NCH CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 20th day of January 2021, a true and correct copy of this instrument was served by the Court's ECF system on parties entitled to notice thereof, including Plaintiff NCH through Davor Rukavina, Esq., his counsel of record.

By: _/s/ Hudson M. Jobe_
    Hudson M. Jobe